DOCKET#_____
U.S. DISTRICT COURT
WEST DIST. OF WISCONSIN

FEB 1 3 2008

FILED
THERESA M. OWENS, CLERK
CASE#

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

            Plaintiff,

      v.

LONZO J. STANLEY,

            Defendant.

OPINION AND ORDER

3:03-cr-00062-jcs-01

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On December 18, 2007, defendant Lonzo J. Stanley filed a motion for a two-level

reduction of his sentence. Although he did not label his motion, I have construed it as filed

pursuant to 18 U.S.C. § 3582(c)(1)(B), which authorizes a court to reduce a term of

imprisonment for a defendant whose sentencing range has been lowered by the United States

Sentencing Commission. Defendant argued that he was entitled to a reduction under

Amendments 706 and 711 to the sentencing guidelines. These amendments have the effect

of lowering the guideline ranges for persons whose sentences were based on the amounts of

crack (base) cocaine for which they were held responsible at sentencing.

Judge Shabaz denied defendant's motion in an order entered on January 29, 2008 on

the ground that defendant had been sentenced as a career offender and for that reason, was

1

Copy of this document has been
provided to: _____
and _____ email
this ____ day of ____ 20__
by _____
M. Hardin, Secretary to
Judge John C. Shabaz

not eligible for a reduction under the amendments.  Now defendant has filed a motion for reconsideration of Judge Shabaz's decision, along with a notice of appeal and a request for appointment of counsel to represent him on appeal.  The motion was referred to me for handling while Judge Shabaz is on extended medical leave.

After reviewing defendant's original motion and his motion for reconsideration, I am persuaded that Judge Shabaz acted correctly in denying defendant's motion for a reduction of sentence. The court's authority to reduce a sentence under § 3582(c)(1)(B) is limited to circumstances in which the defendant can show both that a sentencing range has been lowered by the Sentencing Commission *and* that his term of imprisonment was "based on" that range.  Defendant's sentence was not based on the sentencing range for the amount of crack cocaine for which he was held responsible; instead, it was based on his career offender status.  Therefore, his motion for reconsideration must be denied.

I turn then to defendant's notice of appeal and request for  appointment of counsel on appeal.  Defendant is not proceeding under 28 U.S.C. § 2255, so he does not need a certificate of appealability in order to appeal.  However, I will construe his notice as including a request for leave to proceed in forma pauperis on appeal pursuant to 28 U.S.C. § 1915.  According to § 1915(a), a defendant who is found eligible for court-appointed counsel in the district court proceedings may proceed on appeal in forma pauperis without further authorization "unless the district court shall certify that the appeal is not taken in

2

good faith or shall find that the party is otherwise not entitled so to proceed." Defendant had appointed counsel during his criminal proceedings. From his financial affidavit and from the information contained in his presentence report, I conclude that he qualifies for indigent status on appeal. However, I must certify that the appeal is not taken in good faith. Defendant's challenge to Judge Shabaz's denial of his sentence is without any basis in the law and no reasonable person could suppose that it has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

Defendant has the right to appeal this order finding that his appeal is not taken in good faith.

As to defendant's request for appointed counsel to represent him on appeal, this court lacks the authority to grant his request. Defendant will have to make his request for counsel in the court of appeals.

## ORDER

IT IS ORDERED that defendant Lonzo J. Stanley's motion for reconsideration is DENIED, as is his request for leave to proceed in forma pauperis. The time for filing an

3

appeal starts to run from the date of this order.

Entered this _____ 12ᵗʰ _____ day of February, 2008.

BY THE COURT:

*Barbara B. Crabb*

BARBARA B. CRABB
District Judge

4